**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen S Nisenbaum, | No. CV-20-00841-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Nisenbaum, | |
| Defendant. | |

Plaintiff asks the Court to enjoin Defendant from bringing an action in a Tennessee state court that Plaintiff believes will include claims that are compulsory counterclaims in this action. (Docs. 14.) "Federal Rule of Civil Procedure 13(a) requires a defendant in federal court to state as a counterclaim any claim he may have against the plaintiff that 'arises out of the transaction or occurrence that is the subject matter' of the plaintiff's claim." *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 854 (9th Cir. 1981). "It is well-settled that in order to enforce this bar, a federal court may enjoin a party from bringing its compulsory counterclaim in a subsequent federal court action." *Id.* In some circumstances, a federal court may also enjoin a defendant from bringing his compulsory counterclaims in the courts of a foreign country. *Id.* at 856. This power, however, does not extend to a parallel suit brought in a *state* court. To the contrary, 28 U.S.C. 2283 prohibits federal courts from enjoining a state court proceeding "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

protect or effectuate its judgments."

> Rule 13(a) cannot be construed as empowering the federal court to restrain state-court proceedings. Thus, if a party asserts a claim in a state court that should be a compulsory counterclaim in an already pending federal action, the federal court cannot enjoin the prosecution of the state proceeding. In this situation the general objective underlying Rule 13(a) of avoiding multiple suits is outweighed by the express statutory policy prohibiting federal interference with the functioning of state judicial systems.

Wright & Miller, Federal Practice and Procedure, Civil § 1418 (3d ed. 1971); *see also KC-X Am. Aerospace LLC v. Smithline*, CV 12-10415 GAF (SPx), 2013 WL 12138993, at *5 (C.D. Cal., Feb. 27, 2013); *Reines Distributors, Inc v. Admiral Corp.*, 182 F. Supp. 226, 230 (D.C.N.Y. 1960). Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an antisuit injunction pursuant to Federal Rule of Civil Procedure 13(a) (Doc. 14) is **DENIED**.

Dated this 27th day of August, 2020.

Douglas L. Rayes
United States District Judge